TotteN J.,
delivered the opinion of the court.
Assumpsit. Judgment for the defendants, and plaintiffs appealed in error.
The plaintiffs are surviving partners of the firm of Hobson & Allen, commission merchants at New Orleans, La., and sue for an alleged balance of $1109 78, due them by the firm of Farrington & Ohiles, merchants at Memphis, of which firm, it is insisted, that the defendant’s testator was a dormant partner.
The defendants were appointed and assumed the office of executors of Jacob F. Farrington, April 7, 1851, in the county of Shelby, where the testator resided at the time of his death; and this suit was instituted August 16, 1853, more than two years, and less than three, after the appointment of the executors.
It also appears, that Thomas H. Allen, one of the plaintiffs, a member of the firm of Eobson & Allen had his. residence in Memphis, in said county of Shelby, for more than three years next before the institution of this suit; that is, he had his residence there when the executors were appointed. The other members of the firm of Eobson & Allen, resided at New Orleans, La., their place of business. The executors pleaded in defence the limitation of two years as a bar to the action; and the judge instructed the jury, that under the circumstan- *533 ees, it was a valid defence. The case turns upon the correctness of this instruction.
Tho act 1789, eh. 23, §4, provides that “the creditors of any person or persons deceased, if he or they reside within this State, shall within two years, and if they reside without the limits of this State, shall within three years from, the qualification of the executors or administrators, exhibit and make demand of their respective accounts, debts, &c. and if any creditor or creditors shall fail to demand and bring suit for the recovery of his, her or their debt, within the aforesaid term limited, the same shall be barred.
It is contended for the plaintiffs, that in the sense of the act, the firm of Robson & Allen is to be considered as an unit, as one creditor, residing at its place of business in New Orleans, La., and therefore, that three years, and not two, is the limitation in the case.
We do not concur in this view of the question; we do not regard the firm as an unit or a single person, but as several persons associated in business as partners, with power in each member of the firm in virtue of a mutual agency, to manage its affairs, to receive payment of its debts, and to institute suits if necessary, in the name of the firm to enforce their collection. It is not the place of business that gives situs to the debt, but the residence of the persons who own it. Bank U. S. vs. Dereaux, 2 Cond. U. S. R. Creditors who reside in the State and are mi juris, shall sue within two years, and those who reside out of the State, shall sue within three years from the time when the executor or administrator was appointed; *534 such is the statute. It matters not where the debt was contracted, nor where the creditors may have then-place of business.
Now, in the present case, when the cause of action accrued, one of the creditors, who have a just demand, resided in the State, and the other two resided beyond its limits.
The resident creditor is barred of his remedy by the lapse of two years, and as the action must be in the name of all, it being on a joint demand, the bar of this one must operate as a bar to the others.
This construction is in accordance with the spirit and intent of the statute. Some time must be limited within which the estates of deceased persons ought to bo administered and settled. The term limited by the statute was deemed reasonable and convenient; and if creditors fail to present their demands within the time, the failure is to be imputed to their own negligence, and the settlement of the estate ought not to be delayed, except in the case of disability, and there the delay is excused. Here the resident member of the firm, who is presumed to have knowledge of its affairs, fails to give notice or make demand of his debt until the lapse of two years allowed the executors to close their administration. For tills delay, there is no excuse, and it must be imputed to the negligence of the creditor, and the consequences ought to be visited upon him and those whom he represented. We are of opinion that the action is barred by the statute. Perry vs. Jackson, 4 Term R., 517. Shute vs. Wade, 5 Yerg. R., 10. Marsteller vs. McLean, 2 Cond. U. S. R., 453.
Judgment affirmed.